# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MELVIN E. SMITH,**
**Claimant Below, Petitioner**

**FILED**

**April 25, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0625** (BOR Appeal No. 2052571)
(Claim No. 2015029952)

**KINGSTON MINING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Melvin E. Smith, by John H. Shumate, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kingston Mining, Inc., by T. Jonathan Cook, its attorney, filed a timely response.

The issue on appeal is the amount of permanent partial disability attributable to occupational pneumoconiosis. On April 8, 2016, the Self-Insured Employer granted Mr. Smith no additional permanent partial disability award because he had been found to be fully compensated by a prior award for occupational pneumoconiosis. The Workers' Compensation Office of Judges affirmed the Self-Insured Employer's decision on January 29, 2018. This appeal arises from the Board of Review's Final Order dated June 26, 2018, in which the Board affirmed the January 29, 2018, Final Decision of the Office of Judges.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Smith was employed by Kingston Mining, Inc., as a rock duster from July 6, 1998, to November 10, 2014. He has been in the mining industry since 1975. In the course of his duties as a miner, Mr. Smith has been exposed to the hazards of occupational pneumoconiosis for approximately 40 years.

1

Mr. Smith filed an Employee's Report of Occupational Pneumoconiosis on March 20, 2015. The Physician's Report of Occupational Pneumoconiosis, dated April 20, 2015, was signed by A. Mirza, M.D. Dr. Mirza diagnosed Mr. Smith with coal workers' pneumoconiosis. Mr. Smith also submitted a pulmonary function study conducted by Maria Boustani, M.D., dated September 16, 2014, and, a chest x-ray report of Afzal Ahmed, M.D., dated April 14, 2015. On August 5, 2015, the claims administrator entered a non-medical ruling holding Mr. Smith's claim compensable, stating that he is entitled to the presumption that any chronic respiratory disability resulted from his employment pursuant to West Virginia Code § 23-4-8c(b) (2018). The claim was referred to the Occupational Pneumoconiosis Board ("OP Board") for its review and disposition.

Mr. Smith was examined by the OP Board on February 18, 2016. After a physical examination, pulmonary testing was performed and chest x-rays were taken. The OP Board concluded that they could not make an x-ray diagnosis of occupational pneumoconiosis. However, the OP Board found sufficient evidence to justify a diagnosis of occupational pneumoconiosis with no more than 10% pulmonary function impairment attributable to the disease granted in a prior claim. Based upon the OP Board's findings, the claims administrator entered an Order dated April 8, 2016, determining that Mr. Smith was fully compensated by his prior 10% permanent partial disability award previously granted in Claim No. 990035699. Ms. Smith protested the decision of the claims administrator.

In support of his protest, Mr. Smith submitted the Medical History and Examination for Coal Mine Workers' Pneumoconiosis Form signed by Charles E. Porterfield, D.O., with an arterial blood gas study and a pulmonary function test, both conducted on October 6, 2016. Mr. Smith also submitted a February 13, 2017, Recalculation of Pulmonary Function Data Report, signed by Kimberly D. Burford, R.P.F.T. Ms. Burford is the Director of the Occupational Lung Clinic. The pulmonary function study performed by Dr. Porterfield revealed an FVC of 2.74 and 76% of predicted normal; an FEV1 of 2.02 and 72% of predicted normal; and, an FEV1/FVC ratio of 74. Due to altitude fluctuations, the recalculated pulmonary function study revealed an FVC of 2.74 (pre) and 68% of Kory predicted normal, a FEV1 of 2.02 and 66% of Kory predicted normal, and a FEV1/FVC ratio of 74%. The FVC of 68% predicted normal would support a 15% permanent partial disability award, and the FEV1 of 66% predicted normal would support a 20% permanent partial disability award pursuant to the West Virginia Code of State Rules § 85 -20-A (2009).

A final hearing was held before the OP Board on December 6, 2017. After reviewing the x-rays and pulmonary reports, the OP Board concluded that there is insufficient pulmonary, parenchymal or pleural disease to establish a diagnosis of occupational pneumoconiosis. The OP Board indicated that its decision was made after taking into account Mr. Smith's exposure to dust, as well as the fact that his claim was being considered under the statutory presumption set forth in West Virginia Code § 23-4-8c(b). All three studies of record, spanning a three-year period, were considered by the OP Board. It was concluded that without a change in x-ray evidence, the OP Board would take the higher volumes as being the most representative of possible permanent disease. Testing for the diffusing capacity of the lungs for carbon monoxide

revealed a borderline value of 78, which would represent 10% impairment. The OP Board did not find any radiographic evidence that there had been a progression of the disease.

In a Final Decision dated January 29, 2018, the Office of Judges affirmed the claims administrator's decision dated April 8, 2016, wherein Mr. Smith was found fully compensated by his prior 10% permanent partial disability award attributable to occupational pneumoconiosis. The Office of Judges concluded that the OP Board found sufficient evidence to support a diagnosis of occupational pneumoconiosis but that Mr. Smith had no additional pulmonary impairment attributable to the disease. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision on June 26, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review. The evidence of record establishes a diagnosis of occupational pneumoconiosis. However, the evidence also establishes that Mr. Smith does not have additional pulmonary impairment due to occupational pneumoconiosis that is greater than the award he was previously granted in another claim. In the absence of evidence showing that the OP Board's findings are clearly wrong, the Board of Review did not err in affirming the Office of Judges' decision.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** April 25, 2019

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison